16-3849-pr
Boyland v. Artus

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of May, two thousand eighteen.

PRESENT:  ROBERT D. SACK,
          REENA RAGGI,
                            *Circuit Judges*,
          LEWIS A. KAPLAN,
                            *District Judge.*\*

------------------------------------------------------------------------
TOBIAS BOYLAND,
                            *Petitioner-Appellant*,


          v.                                        No. 16-3849-pr

DALE ARTUS, SUPERINTENDENT ATTICA CORRECTIONAL FACILITY, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION,
                            *Respondents-Appellees*.
------------------------------------------------------------------------
APPEARING FOR APPELLANT:     RANDA DEA MAHER, Maher & Pittell, LLP, Great Neck, New York.

_____

\* Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

APPEARING FOR APPELLEES:          MICHAEL J. HILLERY (Donna A. Milling, *on the brief*), Assistant District Attorneys, *for* John J. Flynn, District Attorney of Erie County, Buffalo, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Jeremiah J. McCarthy, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 9, 2016, is AFFIRMED.

Tobias Boyland appeals from the denial of his 28 U.S.C. § 2254 petition to vacate his state conviction on multiple counts of criminal weapon possession.  *See* N.Y. Penal Law §§ 265.01(4), 265.02(1), 265.03(3).   This court certified a single issue for review: Boyland's claim that trial counsel was constitutionally ineffective in "failing to obtain copies of, and challenging, an amended search warrant authorizing search of the upper level of [Boyland's] home where an investigator had previously inspected the upper level of the home without a warrant to gather facts to support the amended warrant."   Dkt. #26 (Apr. 5, 2017); *see* 28 U.S.C. § 2253(c).   We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm largely for the reasons stated by the district court.

1.     Standard of Review

We review the denial of a § 2254 petition *de novo*, but that review is cabined here by double layers of deference.   *See Cullen v. Pinholster*, 563 U.S. 170, 189–90 (2011). Section 2254 dictates the first level of deference by permitting a federal court to grant a state prisoner habeas relief only if the state court's rejection of his federal law claim

2

(1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2); *see Vega v. Walsh*, 669 F.3d 123, 126 (2d Cir. 2012) (stating that standard permits federal court to vacate state conviction only where state court ruling on federal law challenge "was 'so lacking in justification that there was . . . [no] possibility for fairminded disagreement'" (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011))).

Where, as here, a petitioner complains of ineffective assistance of counsel, a second level of deference inheres in the well-established two-prong standard of review for such Sixth Amendment claims, which requires petitioner to show both (1) that counsel's representation was objectively deficient, and (2) ensuing prejudice. *See Strickland v. Washington*, 466 U.S. 668, 688–93 (1984); *accord Jackson v. Conway*, 763 F.3d 115, 152–53 (2d Cir. 2014). At the first step, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland v. Washington*, 466 U.S. at 689; *accord Cullen v. Pinholster*, 563 U.S. at 190. At the second, they ask not whether counsel's error had "some conceivable effect on the outcome of the proceeding," but whether it "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. at 686, 693; *accord Cullen v. Pinholster*, 563 U.S. at 189.

2.    Application

Applying these standards here, we conclude that Boyland cannot show that the state court's rejection of his ineffective assistance claim was based on an unreasonable application of *Strickland*.   *See Harrington v. Richter*, 562 U.S. at 105 (instructing that *Strickland* states a general rule, "so the range of reasonable applications [by state courts] is substantial").

It was in moving to vacate his conviction pursuant to N.Y. Crim. Proc. Law § 440.10 that Boyland charged his trial attorney with ineffective assistance in failing to obtain the original affidavits supporting the search warrants, the results of which he sought to suppress.   In denying § 440.10 relief, the trial court observed that it had denied suppression based on its finding that probable cause supported the search warrants. Because this probable cause finding was made upon the trial court's own review of the affidavits, the state court ruling is reasonably understood to find that Boyland was not prejudiced by counsel's alleged omission.[1]   Boyland cannot show that this unreasonably applies *Strickland*.   Although Boyland's Fourth Amendment challenges to the warrants were not certified by this court for further review, *see generally Stone v. Powell*, 428 U.S. 465, 494 (1976) (excepting Fourth Amendment challenges from federal habeas review), to the extent those challenges underlie Boyland's claim that he was prejudiced, we conclude,

---

[1]  Boyland disputes the state court's review of the affidavits, but he offers no evidence to undermine the court's own statements that such review occurred.   *See Cardoza v. Rock*, 731 F.3d 169, 178 (2d Cir. 2013) (holding that petitioner "bears the ultimate burden of proving by a preponderance of the evidence that his constitutional rights [were] violated" (internal quotation marks omitted)).

4

for much the reasons detailed by the district court, that the affidavits convincingly demonstrate probable cause for the searches. No different conclusion is warranted because the second affidavit is supported, in part, by evidence procured in a challenged protective sweep and subsequent walkthrough. The initial sweep was supported by the facts identified by the district court, and the later walkthrough uncovered no new facts. Thus, Boyland cannot demonstrate that he was prejudiced by either, much less by counsel's failure to obtain the original warrant affidavits.

In sum, because the state court's rejection of Boyland's ineffective assistance claim is entirely consistent with *Strickland*'s requirement for a showing of prejudice, which Boyland fails to make, we cannot conclude that it derives from an unreasonable application of that precedent so as to warrant § 2254 relief.

We have considered Boyland's remaining arguments and conclude that they are without merit. Accordingly, the order of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5